UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MGI, INC., an Idaho corporation; and KYLE BLACK,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>MORGAN TUCKER,<br><br>　　　　　Defendant. | Case No. 1:24-cv-00321-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Before the Court is Plaintiffs MGI, Inc. ("MGI"), and Kyle Black's ("Black") Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). Dkt. 2.

The Court previously granted, in part, Plaintiffs' Motion by entering a Temporary Restraining Order against Tucker ("TRO Order"). Dkt. 7. However, the Court held in abeyance Plaintiffs' broader request for a preliminary injunction because it cannot enter a preliminary injunction without "notice to the adverse party." Fed. R. Civ. P. 65(a)(1). *See* Dkt. 7, at 1, 9–10.

Tucker was advised of Plaintiffs' Motion and has now had an opportunity to respond. The Court held a hearing on September 25, 2024. Tucker did not appear. Upon review, and for the reasons set forth below, the Court GRANTS the Motion for Preliminary Injunction.

## II. BACKGROUND

The Court outlined the facts of this case in its prior order and will only review them briefly here. *See* Dkt. 7, at 2–4. MGI is a medical gas installation company. Black is the President and majority shareholder of MGI. Black is a decorated combat veteran and advertises that MGI is a veteran-owned business.

On March 5, 2024, MGI hired Tucker to fill the role of "Operations Director." On May 28, 2024, MGI terminated Tucker's employment. Shortly thereafter Tucker began a campaign of harassment and defamation against MGI and Black claiming that Black is not a veteran and that MGI should not claim to be a veteran-owned business.

On July 11, 2024, Plaintiffs filed the instant lawsuit alleging four causes of action: (1) defamation, (2) defamation per se, (3) breach of contract, and (4) intentional infliction of emotional distress. Dkt. 1, at 5–7. That same day, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin Tucker's behavior as this case progresses. Dkt. 2.

As noted, the Court already granted Plaintiffs' request for a temporary restraining order contained within their pending Motion. The Court's decision issued July 7, 17, 2024, and enjoined Tucker from:

> (1) contacting MGI employees, Kyle Black, and Michelle Black other than through legal counsel; (2) making false statements to MGI employees, MGI affiliates, law enforcement agencies, other state or federal government entities, and other third persons regarding MGI, its affiliates, and Black; and (3) threatening to pursue criminal prosecution against Black and MGI unless MGI agrees to pay a severance payment.

Dkt. 7, at 11.

MEMORANDUM DECISION AND ORDER – 2

The Court entered the TRO Order ex parte. It did so because, even after having been contacted by legal counsel, Tucker remained undeterred in his efforts to bring down MGI and Black. In fact, his behavior appeared to escalate. *Id*. at 8–9. Thus, the Court found an ex parte issuance was appropriate. However, under Federal Rule of Civil Procedure 65, the Court's order could only last fourteen days. For this reason, the Court ordered Plaintiffs to serve Tucker with the Court's order immediately and it scheduled a hearing so that Tucker would have an opportunity to be heard. *Id*. at 11. Plaintiffs served Tucker with all relevant documents. Dkt. 9.

On July 30, 2024, the Court held a hearing for the purpose of allowing Tucker an opportunity to respond to the TRO Order and to decide how to proceed. Tucker did not appear or respond in any way. Plaintiffs requested that the Court extend the TRO Order until such time that a full hearing on its request for a preliminary injunction could be held. The Court agreed, extended the TRO Order under the same conditions as originally instructed, and scheduled a hearing for September 25, 2024. Dkt. 10.

Shortly thereafter, Tucker filed a document entitled "Affidavit." Dkt. 12. This document is just that—an affidavit from Tucker. The affidavit contains Tucker's recitation of how he obtained employment with MGI, how he was terminated, and how Plaintiffs have ruined his finances and owe him a severance package. *See generally id.* But Tucker's affidavit does not address Plaintiffs' Complaint, nor does it respond to Plaintiffs' Motion for Preliminary Injunction or the Court's findings in its TRO Order. Notably, near the end of his affidavit, Tucker states that he will "gladly cease and desist" and that, because he

has "been able to express my concerns to the court, [he]'ll stand down." Dkt. 12, at 3.[1]

At the hearing on September 25, 2024, Tucker did not appear.

Based upon the evidence and briefing in this case, the Court finds it appropriate to convert its TRO Order into a preliminary injunction at this time.

### III. LEGAL STANDARD

A plaintiff seeking a preliminary injunction or a temporary restraining order ("TRO") must establish "(1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest." *CTIA-The Wireless Ass'n v. City of Berkeley*, 854 F.3d 1105, 1114 (9th Cir. 2017) (cleaned up) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

A key difference between a TRO and a preliminary injunction is its respective duration. A TRO is typically for a limited time, while a preliminary injunction may extend until the end of the lawsuit, which could be months, if not years. *Innovation Law Lab v. Nielsen*, 310 F. Supp. 3d 1150, 1156 n.1 (D. Or. 2018).

### IV. DISCUSSION

The Court already analyzed the *Winter* factors in its TRO Order and found Plaintiffs had met their burden. *See* Dkt. 7, at 5–8. The Court will briefly summarize those findings and why Tucker's Affidavit does not change its prior analysis.

First, the Court found Plaintiffs were likely to succeed on each of their four claims—

---

[1] The full extent of this document will be discussed in greater detail in the Court's forthcoming order on Plaintiffs' Motion to Dismiss.

defamation, defamation per se, breach of contract, and intentional infliction of emotional distress—because of Tucker's action. *Id*. at 5–7. In his affidavit, Tucker does nothing to rebuff Plaintiffs' assertions or the Court's findings.

Second, the Court found Plaintiffs will suffer reputational and business harm if Tucker's conduct is not enjoined. *Id*. at 7. Tucker did not address this factor.

Third, the Court found the balance of hardships tips in Plaintiffs' favor because they stood to lose business and their good reputation as a result of Tucker's defamatory statements and actions. *Id*. at 7–8. Tucker did not address this in his affidavit.

Fourth and finally, the Court found the public has an interest in protecting businesses from harassment. *Id*. at 8. Tucker did not address this in his affidavit either.

The Court sees no reason to depart from its prior path. MGI and Black have carried their burden as to all relevant factors sufficient to grant a preliminary injunction. And despite an opportunity to respond, Tucker has not provided any information, testimony, or evidence to dispel the Court's findings. Thus, a preliminary injunction under the same parameters as outlined in the Court's TRO Order is warranted and appropriate.

## V. CONCLUSION

The Court previously said that it would "hold in abeyance [Plaintiffs'] request for a preliminary injunction until the Court has heard from Tucker." Dkt. 7, at 9–10. The Court then scheduled and held two hearings to give Tucker an opportunity to respond to Plaintiffs' Motion. *See* Fed. R. Civ. P. 65(a)(1).

Tucker's only "response" in this case is severely lacking. He also chose not to appear at either hearing. In sum, Tucker has failed to make any persuasive argument

MEMORANDUM DECISION AND ORDER – 5

regarding why a preliminary injunction should not issue at this stage. As a result, the Court finds it appropriate to grant Plaintiffs' request.

A preliminary injunction shall now issue. The parameters of this preliminary injunction shall mirror those of the Court's prior TRO Order. However, the injunction is no longer limited in time and will last the duration of this lawsuit.

## VI. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Preliminary Injunction (Dkt. 5) is GRANTED.

2. **Tucker is hereby enjoined from: (1) contacting MGI employees, Kyle Black, and Michelle Black other than through legal counsel; (2) making false statements to MGI employees, MGI affiliates, law enforcement agencies, other state or federal government entities, and other third persons regarding MGI, its affiliates, and Black; and (3) threatening to pursue criminal prosecution against Black and MGI unless MGI agrees to pay a severance payment.**

3. Plaintiffs shall serve this order on Tucker and file a certification of service regarding the same.

DATED: September 26, 2024

David C. Nye  
Chief U.S. District Court Judge