UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MGI, INC., an Idaho corporation; and KYLE BLACK,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>MORGAN TUCKER,<br><br>　　　　Defendant. | Case No. 1:24-cv-00321-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiffs MGI, Inc. ("MGI") and Kyle Black's ("Black") "Consolidated Dispositive Motion." Dkt. 13. In their Motion, Plaintiffs ask the Court to take certain definitive action against Defendant Morgan Tucker in light of his failure to defend himself in this case and because his filings to date have not satisfied the Federal Rules of Civil Procedure.

Having reviewed the record and the briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motions on the record and without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS in PART and DENIES in PART Plaintiffs' Dispositive Motion.

**MEMORANDUM DECISION AND ORDER – 1**

## II. BACKGROUND

The facts of this case have been outlined previously by the Court. *See* Dkt. 7, at 2–4; Dkt. 19, at 2–4. As this is a dispositive motion, however, the Court will review the salient factual and procedural history for context.

MGI is a medical gas installation company serving medical, dental, and veterinary facilities nationwide. Black is the President and majority shareholder of MGI. Black is a decorated combat veteran and advertises that MGI is a veteran-owned business.

On March 5, 2024, MGI hired Tucker to fill the role of "Operations Director." As part of his employment, Tucker signed a "MGI, Inc. Employment Agreement" (the "Agreement"). Among other provisions, the Agreement contained a "Covenant to Non-Disparagement" provision outlining that MGI employees agreed not to make any "false or misleading statement" that might become public which "criticizes, ridicules, disparages, or is otherwise derogatory of" the company or its employees and that might have a "material adverse effect on the Company . . . ." Dkt. 2-3, at 22. Another clause of the Agreement states that any disputes arising out of the Agreement itself must be submitted to binding arbitration: "Except as permitted under Section 21 hereof, any controversy or claim arising out of or relating to this Agreement (or the breach thereof) shall be settled by final, binding and non-appealable arbitration in Boise, Idaho by three arbitrators." *Id*. at 8–9.

On May 28, 2024, MGI terminated Tucker's employment. Shortly thereafter, Tucker began a campaign of harassment and defamation against MGI and Black claiming that Black is not a veteran and that MGI should not claim to be a veteran-owned business. Among other things, Tucker sent emails to various MGI employees detailing his allegations

**MEMORANDUM DECISION AND ORDER – 2**

and sent defamatory and harassing emails to Black, Black's wife, Black and MGI's legal counsel, and others. Tucker stated he was filing complaints with the VA, the Armed Forces Benefit Association, and the Military Prosecution Office regarding Black's false representations about himself and MGI. Tucker also threatened to report Black for the crime of "stolen valor" and maintained he had investigators looking into MGI's fraudulent practices.

On July 11, 2024, Plaintiffs filed the instant lawsuit alleging four causes of action: (1) defamation, (2) defamation per se, (3) breach of contract, and (4) intentional infliction of emotional distress. Dkt. 1, at 5–7. That same day, Plaintiffs filed an Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction seeking to enjoin Tucker's behavior as this case unfolds. Dkt. 2.

The Court granted, in part, Plaintiffs' request for a temporary restraining order contained within their ex parte motion. The Court issued its decision ("TRO Order") on July 7, 17, 2024, and enjoined Tucker from:

> (1) contacting MGI employees, Kyle Black, and Michelle Black other than through legal counsel; (2) making false statements to MGI employees, MGI affiliates, law enforcement agencies, other state or federal government entities, and other third persons regarding MGI, its affiliates, and Black; and (3) threatening to pursue criminal prosecution against Black and MGI unless MGI agrees to pay a severance payment.

Dkt. 7, at 11.

The Court entered the TRO Order ex parte because, even after having been contacted by legal counsel, Tucker remained undeterred in his efforts to bring down MGI and Black. Thus, the Court found issuance without notice to Tucker was appropriate.

**MEMORANDUM DECISION AND ORDER – 3**

However, under Federal Rule of Civil Procedure 65, the Court's order could only last fourteen days if entered under those parameters. For this reason, the Court both ordered Plaintiffs to serve Tucker with the Court's order immediately and scheduled a hearing so that Tucker would have an opportunity to be heard. *Id*. at 11. Plaintiffs served Tucker with all relevant documents. Dkt. 9.

On July 30, 2024, the Court held a hearing for the purpose of allowing Tucker an opportunity to respond to Plaintiffs' ex parte motion, the TRO Order, and to discuss how this case would proceed. Tucker did not appear or respond in any way. Plaintiffs requested that the Court extend the TRO Order until such time that a full hearing on its request for a preliminary injunction could be held. The Court agreed, extended the TRO Order under the same conditions as originally instructed, and scheduled a hearing on Plaintiffs' Motion for Preliminary Injunction for September 25, 2024. Dkt. 10.

Shortly thereafter, Tucker filed a document entitled "Affidavit." Dkt. 12. This document is just that—an affidavit from Tucker. Tucker's Affidavit contains Tucker's recitation of how he obtained employment with MGI, how he was terminated, and how Plaintiffs have ruined his finances and owe him some type of severance. *See generally id.* But Tucker's Affidavit does not address Plaintiffs' four causes of action in any meaningful way. Likewise, Tucker's statements in his Affidavit do not respond to Plaintiffs' Motion for Preliminary Injunction or to the Court's findings in its original TRO Order. Notably, near the end of his Affidavit, Tucker states that he will "gladly cease and desist" and that, because he has "been able to express my concerns to the court, [he]'ll stand down." Dkt.

**MEMORANDUM DECISION AND ORDER – 4**

12, at 3. He then states the following: "Counter claim: $100,000 for severance and hardship caused by MGI INC and KYLE BLACK." *Id*.

MGI and Black then filed a motion entitled "Consolidated Dispositive Motion." Dkt. 13. In their Motion, Plaintiffs note that Tucker's Affidavit is not truly an answer. They aver that the Affidavit does not look like an answer, and that, even giving Tucker the benefit of the doubt as a pro se party, his Affidavit does not respond to, admit, deny, or otherwise actually address the Complaint in this case. Instead, the Affidavit contains solely Tucker's self-serving allegations about his employment and termination. For this reason, Plaintiffs ask the Court to enter a Clerk's Default under Fed. R. Civ. P 55(a) because Tucker did not respond within the time allowed under the Federal Rules of Civil Procedure. Second, Plaintiffs argue Tucker's "counterclaim" must be dismissed for three reasons: it is not in proper form, is not properly supported, and because the Agreement contains a binding arbitration clause for any employment related disputes. Finally, in light of these requests, Plaintiffs state there is nothing standing in the way of a final ruling on the merits of their claims and ask for judgment in their favor.

In response to Plaintiffs' Motion to Dismiss, Tucker filed essentially the same Affidavit as before but with a few minor changes. Dkt. 16. First, Tucker typed across the top that "the Court should not direct the Clerk to dismiss. Further investigation is needed. Factual harships [sic] is being provided." *Id*. at 1. Second, Tucker added a paragraph reaffirming Black's "lies" and indicating he has a "reputable law firm in Washington DC

**MEMORANDUM DECISION AND ORDER – 5**

. . . prepared to investigate." *Id*. Third, Tucker increased his "counterclaim" demand to $135,000 and attached some bank records to indicate his current financial situation. *Id*. at 3. This second affidavit is not signed, dated, nor notarized.

Plaintiffs filed their reply, reaffirming that nothing in Tucker's second affidavit either meaningfully responds to their Consolidated Motion or responds to the Court's orders. Plaintiffs repeat that default judgment and/or dismissal is appropriate at this stage.

On September 25, 2024, the Court held a hearing on Plaintiffs' Motion for Preliminary Injunction. Dkt. 18. Again, Tucker did not appear.[1] At that hearing, the Court found Plaintiffs had met their burden for a preliminary injunction. The Court also indicated that it would rule on Plaintiffs' Dispositive Motion as soon as reasonably possible and without oral argument. The Court followed its oral ruling on Plaintiffs' Preliminary Injunction with a written decision the next day. Dkt 19. After reviewing the case, the briefs, and the relevant caselaw, the Court found that "[a] preliminary injunction shall now issue. The parameters of this preliminary injunction shall mirror those of the Court's prior TRO Order. However, the injunction is no longer limited in time and will last the duration of this lawsuit." *Id*. at 6.

The Court turns next to Plaintiffs' dispositive motion as it stated it would do at the hearing.

///

---

[1] Plaintiffs confirmed after the hearing that they had served all prior documents on Tucker as ordered by the Court. Dkt. 20. It appears Plaintiffs' counsel had multiple points of contact with Tucker—through certified mail, email, and phone—clearly indicating Tucker had notice of each hearing in this case.

**MEMORANDUM DECISION AND ORDER – 6**

### III. DISCUSSION

The Court will address each of Plaintiffs' requests in turn. Ultimately, however, The Court finds that Tucker's affidavit is not a responsive pleading, that his counterclaim fails, that Clerk's Entry of Default is warranted, and that judgment on the pleadings is the correct way to address these myriad failures.

### A. Clerk's Entry of Default

Plaintiffs first assert that Clerk's Entry of Default is appropriate in this case because Tucker has not actually responded to their Complaint. The Court agrees.

Pursuant to Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant must respond within 21-days after being served with a summons and complaint. Fed R. Civ. P. 12(a)(1)(A)(i). An answer to a complaint must "state in short and plain terms its defenses to each claim asserted against it; and . . . admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). Further, "[a] denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2).

Tucker was served with the Summons and Complaint on July 19, 2024. Dkt. 8, at 1. His answer was, accordingly, due on or before August 8, 2024. Tucker dutifully filed a document on August 7, 2024. What he filed, however, was a far cry from an Answer. As noted, Tucker's Affidavit does not admit, deny, or substantively address in any way either the factual allegations in Plaintiffs' Complaint, or the relevant causes of action. Even giving Tucker the benefit of the doubt as a pro se party and weaving together his commentary

**MEMORANDUM DECISION AND ORDER – 7**

about his hiring and firing, there are no concrete answers or responses to the Plaintiffs' allegations. For this reason, the Court finds Tucker's Affidavit *does not* qualify as an Answer. Because it does not qualify as an Answer, Tucker has not timely responded, and Clerk's Entry of Default is appropriate. Nevertheless, because, as explained below, the Court is entering judgment on the pleadings in Plaintiffs' favor, there is no need to take the administrative step of entering a Clerk's Entry of Default and Default Judgment.

### B. Dismissal of Counterclaim

Plaintiffs move for dismissal of Tucker's "counterclaim" for many reasons. First, they allege is not in the proper form. Second, under Rule 12, they allege it is completely lacking any support. And third, they argue Tucker's claim is superseded by the parties' Agreement. The Court agrees with each point.

#### 1. Improper Form

First, a counterclaim must be stated in a "pleading." Fed. R. Civ. P. 13(b). Pleadings, in turn, are defined as a specific subset of filings such as a complaint or answer. *See* Fed. R. Civ. P. 7(a). Here, the Court has concluded that Tucker's Affidavit does not qualify as an answer. Therefore, his counterclaim is in a form not recognized by Rule 7.

#### 2. Failure to State a Claim

Even if the Court were to construe Tucker's Affidavit as an Answer, his counterclaim is completely lacking in support and must be dismissed.

Just like a claim, a counterclaim must be supported by sufficient facts to survive a motion to dismiss. "To survive a motion to dismiss for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

**MEMORANDUM DECISION AND ORDER – 8**

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "A motion to dismiss a counterclaim brought pursuant to Federal Rule of Civil Procedure 12(b)(6) is evaluated under the same standard as a motion to dismiss a plaintiff's complaint." *Snap! Mobile, Inc. v. Croghan*, 2019 WL 3503376, at *2 (N.D. Cal. Aug. 1, 2019).

Here, Tucker summarily claims in his Affidavit: "Counter claim: $135,000.00 for severance and hardship caused by MGI INC and KYLE BLACK." Dkt. 16, at 3. Absent from this statement is an actual federal cause of action or theory of recovery. What's more, there are *no* facts or allegations to support this generalized grievance/claim. The fourteen paragraphs in Tucker's Affidavit, even if construed liberally as "facts," do not support a cause of action for any type of money damages. *See Collins v. Blumenthal*, 581 F. Supp. 2d 289, 291 (D. Conn. 2008) (noting that, while a Court should treat pro se filings liberally, "the rule in favor of liberal construction cannot save pro se litigants who do not present cognizable arguments."). Therefore, dismissal for failure to state a claim is warranted.

3. Arbitration

Third and finally, even if the Court construed Tucker's Affidavit as his Answer, and even if it were to find that Tucker's scattered comments about his job were sufficient to support some type of federal counterclaim, this case is still appropriately dismissed because Tucker's Agreement with MGI included a binding arbitration provision. As noted above, this clause mandates that "any controversy or claim arising out of or relating to this

**MEMORANDUM DECISION AND ORDER – 9**

Agreement (or the breach thereof) shall be settled by final, binding and non-appealable arbitration in Boise, Idaho by three arbitrators." Dkt. 2-3, at 8–9.[2]

Because of the parties' Agreement, Tucker cannot litigate any claim for damages or severance in this forum; he must participate in arbitration. *See The Amalgamated Sugar Co. LLC v. Agri-Sys.*, 2021 WL 1093612, at *3 (D. Idaho Mar. 22, 2021) (granting defendant's motion to dismiss in light of a binding arbitration clause).

### 4. Conclusion

For these reasons, the Court finds that dismissal of Tucker's "counterclaim" is appropriate. His counterclaim is not in an acceptable form because Tucker's Affidavit is not a pleading under Rule 7, there are insufficient facts to support a claim, and any claims regarding his employment are subject to arbitration. Dismissal is, therefore, appropriate.

### C. Judgment on the Pleadings

Assuming the Court grants the relief they request, Plaintiffs aver that judgment on the pleadings is appropriate on each of their claims. Plaintiffs posit that if Tucker's filing is not an answer, he has not meaningfully responded to Plaintiffs' Complaint (or their dispositive motion), their allegations are unopposed, and judgment is appropriate.

Under Rule 12, the Court can grant judgment in a parties' favor "after the pleadings are closed." Fed. R. Civ. P. 12(c). Consistent with the Court's ruling above, Tucker has not answered Plaintiffs' complaint and the time to do so has passed.

---

[2] That Plaintiffs filed this federal lawsuit is not inconsistent with the Court's holding here or the Agreement itself. First, while Plaintiffs do allege a claim relating to Tucker's breach of the Agreement, their other claims would need to be heard in this forum. Second, the Agreement itself outlines that a party may file a lawsuit in order to seek "provisional, injunctive, or other equitable relief." Dkt. 2-3, at 24.

**MEMORANDUM DECISION AND ORDER – 10**

In like manner, Tucker has not meaningfully responded to Plaintiffs' Dispositive Motion. He simply wrote across the top of his previously filed Affidavit that the Court should not grant Plaintiffs' Motion. This singular statement is not enough to constitute a responsive pleading.

Local Rule 7.1 specifies that when "an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Dist. Idaho Loc. Civ. R. 7.1(e)(1). The pleadings are now closed. Without a sufficient responsive pleading from Tucker, judgment is the appropriate outcome.

## IV. CONCLUSION

Tucker has not participated in this case in any meaningful way despite having notice of all hearings and being given an opportunity to respond to Plaintiffs' allegations and the Court's orders at each juncture.

His first affidavit is nothing more than that (an affidavit) and cannot qualify as an answer or responsive pleading. His second affidavit (unsigned and almost identical to his first) does not fare any better. A Clerk's Default would be an appropriate solution here.

Tucker's "counterclaim" is untenable for the reasons set forth above. Tucker can pursue other avenues to address his termination from MGI if needed.

Although Clerk's Default is warranted based on Tucker's complete failure to answer or otherwise respond to Plaintiffs' Complaint, judgment on the pleadings is also warranted. Tucker did not respond to Plaintiffs' Complaint *OR* their Dispositive Motion. Both failures

**MEMORANDUM DECISION AND ORDER – 11**

result in the same thing: Plaintiffs' allegations are uncontested and are deemed admitted. For these reasons, judgment on the pleadings is appropriate.

## V. ORDER

Now, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Consolidated Dispositive Motion (Dkt. 13) is GRANTED.

2. Tucker's affidavits are stricken for failure to comply with the Federal Rules of Civil Procedure. Tucker's counterclaim is also dismissed.

3. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: November 4, 2024

_____
David C. Nye
Chief U.S. District Court Judge

MEMORANDUM DECISION AND ORDER – 12